IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TILLMAN NORTH,                          :

     Petitioner,                      :

v.                                      :          CIVIL ACTION 10-0327-WS-M

LEEPOSEY DANIELS,                       :

     Respondent.                      :


## REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama
inmate that was referred for report and recommendation pursuant
to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8
of the Rules Governing Section 2254 Cases.  This action is now
ready for consideration.  The state record is adequate to
determine Petitioner's claims; no federal evidentiary hearing is
required.  It is recommended that this habeas petition be denied
as this Court does not have jurisdiction over it, that this
action be dismissed, and that judgment be entered in favor of
Respondent Leeposey Daniels and against Petitioner Tillman North
on all claims.

Petitioner was convicted of possession of oxycontin on
March 24, 2005 in the Escambia County Circuit Court for which he

1

received a fifteen-year sentence split to include fourteen months served and four years probation (Doc. 8, p. 2; *see* Doc. 13, pp. 1-2). Petitioner did not appeal his sentence or conviction (Doc. 8, p. 3). On May 3, 2007, North's probation was revoked and he was ordered to serve the balance of the original sentence; Petitioner did not appeal the revocation (*see* Doc. 13, p. 2).

On October 28, 2007, North filed a habeas petition in this Court. The petition was determined to be time-barred and dismissed as to claims which challenged the conviction and sentence; however, to the extent that the petition could be read to raise claims regarding his probation revocation, Chief Judge Granade dismissed the action without prejudice to allow North to pursue and exhaust his state court remedies. *North v. Ferrill*, C.A. 07-0689-CG-C (S.D. Ala. February 13, 2008). Petitioner did not appeal that determination.

Petitioner filed the current habeas petition in the U.S. District Court for the Middle District of Alabama on May 18, 2010 which was then transferred to this Court (*see* Doc. 6). In completing a new habeas petition on this Court's form, North challenged the effectiveness of his attorney (Doc. 8, p. 7). Respondent Answered the Complaint, asserting that this was a successive petition and that North had failed to seek approval

from the Eleventh Circuit Court of Appeals to file it (Doc. 13).

The Court notes that this Court's review is barred without a certificate from the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b). In an Order instructing Petitioner to address this issue, the Court noted that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (Doc. 14).

The Court notes that Petitioner has provided no evidence that he has been given the authority to file this action; in fact, he has not responded at all, though given the opportunity to do so, namely, not later than November 8, 2010 (*see* Doc. 14). Because Petitioner has filed a successive habeas petition, without first obtaining authorization from the Eleventh Circuit Court of Appeals to do so, this Court is without jurisdiction to rule on it.

Therefore, it is recommended that this habeas petition be denied as this Court does not have jurisdiction to review it, that this action be dismissed, and that judgment be entered in favor of Respondent Leeposey Daniels and against Petitioner Tillman North on all claims.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or
anything in it must, within fourteen days of the date of service
of this document, file specific written objections with the
clerk of court.  Failure to do so will bar a de novo
determination by the district judge of anything in the
recommendation and will bar an attack, on appeal, of the factual
findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C);
*Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v.
Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The
procedure for challenging the findings and recommendations of
the magistrate judge is set out in more detail in SD ALA LR 72.4
(June 1, 1997), which provides that:

> A party may object to a recommendation entered by a
> magistrate judge in a dispositive matter, that is, a
> matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing
> a "Statement of Objection to Magistrate Judge's
> Recommendation" within fourteen days after being
> served with a copy of the recommendation, unless a
> different time is established by order.  The statement
> of objection shall specify those portions of the
> recommendation to which objection is made and the
> basis for the objection.  The objecting party shall
> submit to the district judge, at the time of filing
> the objection, a brief setting forth the party's
> arguments that the magistrate judge's recommendation
> should be reviewed de novo and a different disposition
> made.  It is insufficient to submit only a copy of the
> original brief submitted to the magistrate judge,
> although a copy of the original brief may be submitted
> or referred to and incorporated into the brief in
> support of the objection.  Failure to submit a brief
> in support of the objection may be deemed an
> abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a
Court of Appeals; only the district judge's order or judgment
can be appealed.

2.**Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the
magistrate judge finds that the tapes and original records in
this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay the
fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United
States will pay the cost of the transcript.

DONE this 10th day of November, 2010.


s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE